# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE VAN BUREN ) | 2:08-CV-01393-RLH (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| SARA JOHNSON, *et al*., ) | **OF U.S. MAGISTRATE JUDGE** |
| Defendants. ) | July 29, 2009 |

This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Maurice Van Buren ("plaintiff") is a state prisoner proceeding *pro se*. Plaintiff initiated this action on June 19, 2008, seeking relief pursuant to 42 U.S.C. § 1983 (#1). Plaintiff names as defendants Sara Johnson, Solano County Deputy Public Defender; Krishna Abrams, Solano County Deputy District Attorney; Judge Wendy G. Getty, Superior Court Judge at the Solano County Superior Court; and Trish Hart, Police Officer at the Suisun City Police Department. *Id*.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial filing fee of $1.42 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded to the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1   The court is required to screen complaints brought by prisoners seeking relief against a
2   governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The
3   court must dismiss the complaint if the claims contained in it, even when read broadly, are legally
4   frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money
5   damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A
6   claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v.*
7   *Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where
8   it is based on an indisputably meritless legal theory or where the factual contentions are clearly
9   baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully
10  pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th
11  Cir. 1989).

12  A complaint must contain more than a "formulaic recitation of the elements of a cause of
13  action;" it must contain factual allegations sufficient to "raise a right to relief above the
14  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
15  "The pleading must contain something more...than...a statement of facts that merely creates a
16  suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this
17  standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg.*
18  *Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most
19  favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395
20  U.S. 411, 421 (1969).

21  To sustain an action under section 1983, a plaintiff must show (1) that the conduct
22  complained of was committed by a person acting under color of state law; and (2) that the conduct
23  deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d
24  676, 689 (9th Cir. 2006).

25  Plaintiff claims that defendants violated his Sixth Amendment rights against double
26  jeopardy and to a speedy trial, and his Fourteenth Amendment right to due process (#1, p. 3).
27  Specifically, plaintiff alleges that defendants prosecuted him for a crime for which he was already
28

1 convicted and served a ten month sentence. He also claims the defendant Johnson did not
2 adequately represent him at his second trial. Plaintiff also states that three years elapsed between
3 the time he was first imprisoned and the time he was again arrested and tried for a second time,
4 which violates his right to a speedy trial.

5   The court concludes that plaintiff's complaint does not state a claim upon which relief can
6 be granted as to Deputy District Attorney Abrams and Judge Getty. These defendants are
7 protected by prosecutorial and judicial immunity, respectively. Prosecutorial immunity protects
8 government officials when they are acting pursuant to their official role as advocate for the State
9 performing functions "intimately associated with the judicial phase of the criminal process."
10 *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Defendant Abrams role was apparently that of the
11 District Attorney who prosecuted plaintiff in his criminal trial. This prosecutorial function is
12 intimately associated with the judicial phase of the criminal trial, and defendant Abrams is
13 entitled to prosecutorial immunity. "Judges are absolutely immune from damage actions for
14 judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202,
15 1204 (9th Cir. 1988) (per curium). Judge Getty's role of presiding over plaintiff's criminal trial
16 was a judicial act taken within the jurisdiction of her court; therefore, Judge Getty is entitled to
17 judicial immunity.

18   Plaintiff alleges that he should be released from custody because he is being held for a
19 crime with which he was already charged. Plaintiff also claims that Sara Johnson, his public
20 defender, violated his right to effective assistance of counsel. Plaintiff requests the court grant
21 him injunctive relief "compelling the D.A. to dismiss charges," in addition to declaratory relief
22 and monetary damages (#1, p. 4). This is the type of relief that would normally be requested in
23 a petition for writ of habeas corpus. Indeed, the court takes notice of the record in a habeas corpus
24 action that plaintiff filed after initiating this action – Case No. 2:09-cv-01274-KJM. However,
25 it is unclear whether plaintiff has been convicted or whether plaintiff's conviction and sentence
26 have not been reversed, invalidated, or called into question by any judicial order. *See Heck v.*
27 *Humphrey*, 512 U.S. 477 (1994). In his habeas petition, plaintiff states that he a pretrial detainee
28

- 3 -

and that the charges against him are still pending. However, for plaintiff to assert a civil rights claim under section 1983, plaintiff would be required to demonstrate that any conviction had been reversed or invalidated. Otherwise, his claims would be barred by *Heck v. Humphrey*. However, if plaintiff's criminal charges are still *only pending*, the court is required "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007).

It is also unclear whether plaintiff is attempting to assert a malicious prosecution claim. *See Haupt v. Dillard*, 17 F.3d 285, 290 (9th Cir. 1994), *LaMantia v. Redisi*, 118 P.3d 877, 879 (Nev. 2002). To the extent that plaintiff is asserting a claim for malicious prosecution, such an action would be premature if plaintiff is in fact still a pretrial detainee as plaintiff must demonstrate favorable termination of the prior criminal proceedings. *Id*.

Given that the status of plaintiff's custody is not completely clear, plaintiff shall file a First Amended Complaint, in which he shall inform the court of his conviction and incarceration history.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72-304(b) of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's June 19, 2008 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.42. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and

Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** as to defendants Johnson and Hart. Plaintiff shall have until and including **August 19, 2009**, to file a First Amended Complaint. If plaintiff does not file a First Amended Complaint within the time allowed, the court may order this action dismissed and judgment entered against plaintiff.

**IT IS ALSO RECOMMENDED** that plaintiff's complaint (#1) be **DISMISSED** with prejudice with regard to defendants Judge Getty and Deputy District Attorney Abrams.

**DATED:** July 29, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**