UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAURICE VAN BUREN, | ) | 2:08-CV-1393-RLH (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | August 17, 2009 |
| | ) | |
| SARA JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN   REPORTER: NONE APPEARING

COUNSEL FOR PETITIONER(S): NONE APPEARING

COUNSEL FOR RESPONDENT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

This is a civil rights action brought by *pro se* plaintiff Maurice Van Buren. The court has construed plaintiff's letter (#14) as a motion for appointment of counsel.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. The court exercises discretion in making this finding.

The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks. Moreover, none of the issues in this case appears to be particularly complex.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (#14) is **DENIED**.

**IT IS FURTHER ORDERED** that the court will *sua sponte* grant plaintiff one extension of time to **August 31, 2009** to file a first amended complaint pursuant to the court's order filed on July 30, 2009 (#12).  There will be no further extensions of time granted.  If plaintiff does not file a first amended complaint within the time allowed, the court may order this action dismissed and judgment be entered against plaintiff.

**IT IS SO ORDERED.**

                                              VICTORIA C. MINOR, CLERK

By:_____/s/_____
             Deputy Clerk