IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE VAN BUREN,<br><br>    Plaintiff,<br><br>  vs.<br><br>SARA JOHNSON, *et al.*,<br><br>    Defendant(s). | 2:08-CV-01393-RLH-VPC<br><br>**FINDINGS AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>November 10, 2009 |

Maurice Van Buren ("plaintiff"), a pretrial detainee housed at the Napa State Hospital in Napa, California, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#16). The court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28

1  U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be
2  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same
3  standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When
4  a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the
5  complaint with directions as to curing its deficiencies, unless it is clear from the face of the
6  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70
7  F.3d. 1103, 1106 (9th Cir. 1995).

8  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
9  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a
10 claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim
11 that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In
12 making this determination, the court takes as true all allegations of material fact stated in the
13 complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw*
14 *v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to
15 less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5,
16 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule
17 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels
18 and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic
19 recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S.
20 265, 286 (1986).

21 All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
22 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
23 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims
24 of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful
25 factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,
26 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

27 **II.    The Instant Complaint**

28 Plaintiffs claims arise out of pending criminal charges against plaintiff. Plaintiff alleges that

in 2005, "the parole department" arrested him for alleged criminal activity in May 2005. He claims to have served ten months in prison for the violation but that the "charges were dropped" (#16, p. 14). Plaintiff then asserts that two months after his release, he was "rearrested" for the same crime. *Id.* It appears that he claims to have remained in custody from that time until the present without trial. *Id.* He claims violations of his Fifth Amendment right against double jeopardy, his Sixth Amendment right to a speedy trial, and his Fourteenth Amendment right of due process.

### A.   Defendants Getty and Abrams

As to Defendants Getty and Abrams, the court has previously dismissed all claims against them with prejudice, finding that prosecutorial and judicial immunity barred plaintiff from any relief (#12). Pursuant to the court's order, plaintiff had ten days from the date of the order to make any objections. *Id.* Plaintiff did not make any such objection. Therefore, the court will not further entertain plaintiff's claims in the first amended complaint against defendants Getty and Abrams.

### B.   Defendant Johnson

Plaintiff sues defendant Sara Johnson, a deputy public defender who was appointed to defend the plaintiff in criminal proceedings, for violation of his Constitutional rights. Specifically, plaintiff avers that he received ineffective assistance of counsel from defendant Johnson during his case. Plaintiff seeks compensatory damages.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); *United States v. DeGross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992) (en banc); *see also Kirtley v. Rainey*, 326 F.3d

1088, 1093-94 (9th Cir. 2003) (citing *Polk County* to determine that a state appointed guardian ad litem does not act under color of state law for purposes of § 1983); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (relying on *Polk County* to determine that federal public defenders are not acting under color of federal law for purposes of *Bivens* action).  The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Polk County*, 454 U.S. at 321; *see also Blum v. Yaretsky*, 457 U.S. 991, 1008-09 (1982) (applying similar rationale to determine that administrators of nursing home were not state actors); *Mathis v. Pac. Gas & Elec. Co.*, 891 F.2d 1429, 1432 (9th Cir. 1989) (applying similar rationale to determine that employees conducting psychiatric evaluation were not state actors). *But cf. Gonzales v. Spencer*, 336 F.3d 832, 834 (9th Cir. 2003) (per curiam) (explaining that a private attorney who is retained to represent state entities and their employees in litigation acts under color of state law because his or her role is  "analogous to that of a state prosecutor rather than a public defender." (citing *Polk County*, 454 U.S. at 323 n.13)). Thus, plaintiff's claims against defendant Johnson must be dismissed.

### C. Defendant Hart

The court turns to the claims against Defendant Hart, the only remaining defendant in this case.  It is entirely unclear as how and why plaintiff brings charges against defendant Hart.  The complaint makes no factual allegations regarding defendant Hart. Under 28 U.S.C. § 1915A(b)(1), the court "shall identify cognizable claims or dismiss the complaint" if it fails to state a claim upon which relief may be granted.  Because no claims are asserted against defendant Hart and the complaint contains no fact relating to her, claims brought against her are dismissed.

### D. *Heck v. Humphrey*

To the extent that plaintiff seeks to challenge his custody, plaintiff's claims are barred. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional

1  conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been
2  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
3  authorized to make such determination, or called into question by a federal court's issuance of a writ
4  of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim
5  for damages bearing that relationship to a conviction or sentence that has not been so invalidated is
6  not cognizable under § 1983." *Id*. at 488.   Plaintiff has not demonstrated that his conviction has
7  been invalidated, and as such, his claim is not cognizable under section 1983.

### III. CONCLUSION

9  Based on the foregoing and for good cause appearing, the court concludes that plaintiff
10 has failed to state a claim upon which relief may be granted.  The parties are advised:
11 1.   Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule 72-304(b) of the Local Rules of
12 Practice, the parties may file specific written objections to this findings and recommendation
13 within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's
14 Findings and Recommendation" and should be accompanied by points and authorities for
15 consideration by the District Court.
16 2.   This findings and recommendation is not an appealable order and any notice of
17 appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's
18 judgment.

### IV.  RECOMMENDATION

20 **IT IS THEREFORE RECOMMENDED** that plaintiff's first amended complaint (#16) be
21 **DISMISSED with prejudice**.
22 **DATED**: November 9, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**